1998 OK CIV APP 6
1998 OK CIV APP 6

**Lori S. PHILLIPS, Plaintiff/Appellant,**

v.

**Darris L. SEFFEL, and Pamela A. Seffel, Husband and Wife, Defendants/Appellees.**

No. 87350.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 23, 1997.

Robert S. Flaniken, Oklahoma City, for Plaintiff/Appellant.

M. Michael Arnett, S. Louis Little, Arnett Law Firm, Oklahoma City, for Defendants/Appellees.

## OPINION

BUETTNER, Judge:

¶1 Lori S. Phillips filed a small claims affidavit (petition) alleging that the Seffels were indebted to her in the sum of $2,000 for a deposit on an option to purchase real property located in Oklahoma City. On its own motion, the Small Claims Division of the District Court dismissed the petition, without prejudice to refiling in District Court, having determined that it did not have subject matter jurisdiction pursuant to 12 O.S.1991 § 1751 (Small Claims Act) and 20 O.S.1991 § 123 (Jurisdiction of Special Judges).[1] We find the petition should not have been dismissed because the matter was properly brought in the Small Claims Division and Special Judges have authority to hear and decide the kind of case at issue.

¶2 Suit for recovery of earnest money for breach of contract is not precluded under the Small Claims Act so long as it does not exceed the jurisdictional amount. Even if, as the briefs disclose, the court would have to make a finding whether Appellees were able to furnish marketable title to the real property at issue, so long as the nature of the remedy is the recovery of money based on contract, then the Small Claims Division has authority to afford relief.

¶3 Further, there is no prohibition against special judges making findings concerning title to real property or awarding relief in the amount sought unless the judge is a nonlawyer. 20 O.S.1991 § 123(A)(2)(3).

¶4 For these reasons, we reverse the trial court's dismissal of Phillips' small claims affidavit and remand the matter to the trial court with directions to reinstate the lawsuit in the Small Claims Division.

REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN, J., concurs.

HANSEN, P.J., dissents.

---

1. The order erroneously states 12 O.S. § 123, instead of 20 O.S. § 123. There is sufficient information in the briefs for us to make this correction.